IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ANTONIO LAMAR DAVIS                                                        PETITIONER
Reg. #03162-044

V.                              NO.  2:11-cv-00027 JLH-JWC

T.C. OUTLAW, Warden,                                                       RESPONDENT
FCI, Forrest City, AR

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States Chief District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days after being served with the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the District Judge was not offered at a hearing before the Magistrate Judge.

3. An offer of proof stating the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Antonio Lamar Davis, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus and supporting brief (docs. 2, 3). For the reasons that follow, the petition should be **dismissed** sua sponte for lack of jurisdiction. *See* Rule 4, Rules Governing § 2254 Cases in United States District Courts.[1]

I.

Following a non-jury trial in the United States District Court for the Eastern District of Missouri (St. Louis), Petitioner was convicted of being a felon in possession of a firearm

---

[1] This rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The § 2254 Rules may be applied to habeas cases brought under 28 U.S.C. § 2241. § 2254 Rule 1(b).

in violation of 18 U.S.C. § 922(g)(1), and possession of cocaine base in violation of 21 U.S.C. § 844(a).  In February 2009, he was sentenced to eighty months of imprisonment on the firearm possession count, and twelve months on the second count, to be served concurrently.  *United States v. Davis*, No. 4:07-cr-00646-RWS (E.D. Mo.) (accessed electronically) (*see* doc. 2 ¶¶ 6-11).  In a direct appeal, he contested the sufficiency of the evidence upon which the trial court based its finding that he had been carrying the handgun found near the spot where he was arrested.  The Eighth Circuit Court of Appeals affirmed, and the United States Supreme Court denied Petitioner's petition for writ of certiorari. *United States v. Davis*, 333 F. App'x 137 (8th Cir. 2009), *cert. denied*, 130 S. Ct. 1921 (2010).

On June 7, 2010, Petitioner filed in the Missouri federal district court a pro se 28 U.S.C. § 2255 motion to vacate, correct or set aside his convictions and sentence.  *Davis v. United States*, No. 4:10-cv-01046-RWS (E.D. Mo.) (accessed electronically).  According to Petitioner, his § 2255 motion argued that the district court erred: (1) in finding him guilty on the firearm possession charge where the evidence does not support the charge; (2) in application of the United States Sentencing Guidelines by enhancing two points for risk of death or serious bodily injury to another person in the course of fleeing; and (3) in not applying a three-point reduction for acceptance of responsibility on the cocaine base possession charge (doc. 2 ¶ 3).  Petitioner asserts, and the Missouri district court's docket sheet confirms, that the § 2255 motion is still pending.

On February 11, 2011, Petitioner filed this § 2241 habeas petition and supporting brief, stating his claims for relief as follows (doc. 2 ¶ 14):

> (1)   He has always maintained his innocence of the firearm charge;

      (2)    The United States Attorney is violating the rules governing § 2255 motions by ignoring deadlines and court orders to respond to his § 2255 motion, and thus continuing his illegal detention; and

      (3)    He is legally innocent of the firearm possession charge and is being procedurally obstructed from presenting his claim.

Petitioner asks this Court to order the government to show cause why the relief he requested in his § 2255 motion should not be granted. Alternatively, he seeks immediate release due to his innocence of the firearm possession charge, the government's obstruction of justice, and the inadequacy of the § 2255 remedy. (*See* doc. 2 ¶ 15.)

II.

Petitioner is incarcerated in this judicial district, but this is not the district where his convictions and sentences arose. Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *see* 28 U.S.C. § 2255(a) (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas corpus petition attacks the *execution* of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009);

*Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Cain v. Petrovsky*, 798 F.2d 1194, 1196 n.3 (8th Cir. 1986).

Petitioner clearly is challenging the validity of his federal firearm-possession conviction and sentence. Therefore, his claims should be directed to the Missouri district court which convicted and sentenced him or to the appropriate Court of Appeals (in his case, the Eighth Circuit), rather than this § 2241 habeas petition in his district of incarceration. As stated, Petitioner filed a § 2255 motion in the Missouri district court and the motion is still pending. He argues that the "savings clause" of § 2255 permits him to proceed here because the § 2255 remedy has been rendered inadequate or ineffective due to "continuous procedural obstructions" by the Missouri district court and the United States Attorney's office. He says the United States Attorney has ignored court deadlines and court orders to respond to his § 2255 motion. He also asserts that this Court should consider his claims because he is "legally innocent" of the firearm possession charge.

The savings clause of § 2255 permits a § 2241 petition in the district of incarceration if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [a petitioner's] detention." 28 U.S.C. § 2255(e). A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Lopez-Lopez*, 590 F.3d at 907. This is a "narrowly-circumscribed 'safety valve.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002).

In *Winston v. Mustain*, 562 F.2d 565 (8th Cir. 1977), a federal prisoner argued that the length of time that elapsed after the filing of post-trial motions in the federal sentencing court without a decision showed that a § 2255 motion in that court would be ineffective and inadequate to test the validity of his detention. The Eighth Circuit rejected this argument,

holding that: (1) "time delays do not operate to confer jurisdiction if jurisdiction does not otherwise exist"; and (2) the prisoner could not contend that a § 2255 motion was inadequate when he had never filed one in the sentencing court. *Id.* at 566-67. Other courts have agreed a mere delay in the resolution of a § 2255 motion does not entitle a defendant to bypass § 2255 in favor of § 2241. *McCarthy v. Director of Federal Bureau of Prisons*, 245 F. App'x 118, 120 (3d Cir. 2007) (assuming that "inordinate delay" in obtaining a ruling on a § 2255 motion might render the remedy inadequate, but finding that such circumstances did not exist where delay was largely of petitioner's own making and he could seek writ of mandamus from court of appeals to compel a § 2255 ruling); *United States v. Dago*, 441 F.3d 1238, 1242, 1248-50 (10th Cir. 2006) (seven-year delay caused by active litigation of § 2255 motion did not violate due process; suggesting that such delay was insufficient to render § 2255 ineffective); *United States v. Pirro*, 104 F.3d 297, 299-300 (9th Cir. 1997) (delay in considering § 2255 motion caused by a pending direct appeal); *see also Sines v. Wilner*, 609 F.3d 1070, 1073 n.1 (10th Cir. 2010) (because relief by mandamus may be available when a prisoner believes that a district court is taking too long to resolve a § 2255 motion, "one could conclude that delay does not render § 2255 an inadequate remedy"), *cert. denied*, 131 S. Ct. 997 (2011).

Petitioner has not alleged circumstances which demonstrate that his pending § 2255 remedy is inadequate or ineffective to test his detention. The Missouri district court's docket sheet shows the following relevant entries:

```
06-07-10    Petitioner filed pro se § 2255 motion
06-24-10    Court ordered Respondent to file a response by 08-09-10
09-08-10    Respondent asked for extension of time to respond
09-09-10    Court extended response deadline to 10-08-10
```

| | |
|---|---|
| 11-09-10 | Court ordered Respondent to show cause why it had failed to comply with prior orders |
| 11-15-10 | Respondent moved for leave to file § 2255 response |
| **11-15-10** | **Respondent filed § 2255 response** |
| 11-16-10 | Court granted Respondent leave to file § 2255 response |

Although there was a delay of a few months, the United States Attorney did file its response in November 2010 and the case is ready for disposition. Three and one-half months is certainly not an inordinate amount of time to await a ruling,[2] and neither § 2255 nor its governing rules prescribes a timetable for ultimate disposition. *See Pirro*, 104 F.3d at 300; Rules 4-8, Rules Governing § 2255 Proceedings for United States District Courts. If Petitioner wishes to expedite resolution of the matter, he should address his concerns to the § 2255 court itself or to the Eighth Circuit Court of Appeals.

Additionally, a claim of actual innocence will not allow a petitioner to bypass § 2255's gatekeeping requirements and proceed with a § 2241 habeas petition via § 2255's savings clause unless the petitioner had no earlier procedural opportunity to present his claims. *Abdullah v. Hedrick*, 392 F.3d 957, 962-63 (8th Cir. 2004); *United States v. Lurie*, 207 F.3d 1075, 1077 n.4 (8th Cir. 2000). Here, Petitioner has had at least two procedural opportunities to pursue his claim of innocence on the firearm-possession charge: (1) his direct appeal, where he received an adverse decision on his claim that the evidence was insufficient to support that conviction; and (2) his § 2255 motion, which is still pending. A § 2241 petition in the district of incarceration cannot be used to raise an issue which could have been or actually was raised in a direct appeal or a § 2255 motion in the sentencing

---

[2]Petitioner's § 2255 motion had been pending eight months when he filed his § 2241 petition. Similarly, in *Winston*, the prisoner complained in his § 2241 petition that a seven-month delay in ruling rendered the § 2255 remedy inadequate. *See Winston*, 562 F.2d at 566.

district.  *Nichols*, 553 F.3d at 650; *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003); *Perez*, 286 F.3d at 1063; *Lurie*, 207 F.3d at 1077-78.  Petitioner's attempt to relitigate the evidence-sufficiency question in this § 2241 action can be viewed as "no more than a transparent attempt to bypass the ruling of the [Eighth] Circuit."  *Hill*, 349 F.3d at 1092.  Furthermore, as stated, any claims of undue delay can be addressed to the § 2255 court or to the Court of Appeals.

Because Petitioner has not demonstrated the inadequacy or ineffectiveness of his § 2255 remedies in the sentencing district, this Court lacks subject matter jurisdiction to entertain the claims raised in this § 2241 habeas action, and it should be summarily dismissed.  *See id.* at 1091-93; *DeSimone*, 805 F.2d at 323-24.

III.

Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus (doc. 2) should be **dismissed** for lack of jurisdiction, dismissing this action in its entirety without prejudice pursuant to § 2254 Rule 4.  Petitioner's motion for leave to proceed *in forma pauperis* (doc. 1) should be **denied as moot**.

DATED this 2nd day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE